STATE of Missouri ex rel. Larry Ray
GEYMAN and Ryder Truck Rental,
Inc., Relators,

v.

Honorable William H. PINNELL, as
Judge of the 39th Judicial Circuit
of Missouri, Respondent.

No. 13278.

Missouri Court of Appeals,
Southern District,
Division Two.

April 25, 1984.

Rodney E. Loomer, Turner, Reid, Duncan, Loomer & Patton, Springfield, for relators.

John G. Newberry, Harold F. Glass, Schroff, Glass & Newberry, Springfield, for respondent.

HOGAN, Judge.

This is an original proceeding in prohibition. Our preliminary writ ran to the respondent on May 11, 1983, upon the following state of fact as indicated by the exhibits and proofs before us: During the early morning hours on August 18, 1981, one Billy R. Miles was killed in a collision between his vehicle and a tractor-trailer unit being driven by relator Larry Ray Geyman.

Thereafter, Miles' son commenced a wrongful death action against the relators in the Circuit Court of Lawrence County. Inasmuch as plaintiff's decedent died within 4 hours of the collision, a blood sample was taken from his body by the county coroner as required by former § 58.445, RSMo 1978. The blood sample was tested for the presence and percentage concentration of blood alcohol by a technician employed by the Missouri State Highway patrol. A report detailing the findings of the coroner and the technician was prepared.

Attorneys representing the relators preserved the evidence of the coroner, the chemist and another member of the State Highway Patrol by taking their depositions. The depositions show or tend to show the concentration of alcohol in the blood of the decedent at the time he was killed.

After the depositions were taken, the Highway Patrol was allowed to intervene for the express purpose of moving to suppress the depositions. The respondent judge issued an order sustaining the motion to suppress, but stayed the order so defendants might apply to this court for a writ of prohibition. As noted, our preliminary writ issued.

Former § 58.445, enacted in 1973, provided for the extraction of blood samples from the body of any driver or pedestrian killed in a motor vehicle accident. The statute also required the county coroner to make or cause to be made, such tests as were necessary "to determine the presence and percentage concentration of alcohol, and

**302**

drugs if feasible, in the blood of the driver or pedestrian killed." The results of the tests were required to be included in the coroner's report to the Missouri Division of Highway Safety. Former § 58.449 provided, however, that:

> "The contents of the report and results of any [such] test ... shall be used only for statistical purposes which do not reveal the identity of the deceased."

In August of 1982, § 58.449 was amended to read as follows:

> "The contents of the report and results of any test made [to determine the concentration of blood alcohol and drugs in the body of a vehicular fatality] shall be used primarily for statistical purposes which do not reveal the identity of the deceased and shall not be public information; *however, the contents of the report and the results of any test so made shall be released upon the issuance of a subpoena duces tecum by a court of competent jurisdiction for use in any civil or criminal action arising out of the accident.*" (Our emphasis.)

The questions presented in this action are whether former § 58.449 created a species of privilege in the family of the deceased, and whether the italicized provisions of the statute may be applied retroactively.

While this proceeding was pending in this court, our colleagues of the Western District considered and decided the same substantive questions of law we would be required to consider in this case. The Western District decided, inter alia, that former § 58.449 created no privilege nor other species of vested right in the family of the deceased, that the italicized part of the statute was procedural rather than substantive and there was, therefore, no reason to prohibit its being applied retroactively. The opinion styled *Danaher, et al. v. Smith and Marsh,* 666 S.W.2d 452 (Mo. App.1984), has become final, and in our opinion, ably and thoroughly expounds the principles which govern this proceeding. Further, even if it be said that the former statute creating a species of privilege, as

suggested in *State ex rel. Collins v. Donelson,* 557 S.W.2d 707, 712–714 (Mo.App. 1977) (Pritchard, J., dissenting), the result we reach would be no different. By commencing this litigation, plaintiff waived whatever privilege he had. *State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 601[2] (Mo. banc 1968). Accordingly, the preliminary writ is made absolute.

MAUS, P.J., and PREWITT, J., concurs.